

**FILED**

DEC 03 2018 *PB*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**FAYE SASUTA,**

           **Plaintiff,**

       **v.**

**KICKERT SCHOOL BUS LINE, INC.**

         **Defendant.**

1:18-cv-07948
Judge Gary Feinerman
Magistrate Judge Mary M. Rowland

)
)    **JURY TRIAL DEMAND**
)

## COMPLAINT

Plaintiff, Faye Sasuta, ("Plaintiff" or "Ms. Sasuta") as a Pro Se litigant, complains of Defendant Kickert School Bus Line, Inc. ("Defendant" or "Kickert") and alleges as follows:

### NATURE OF ACTION

1.    This is an action for relief under the Americans with Disabilities Act, as amended, 42 U.S.C. 12101 et. seq. ("ADA") on the basis of disability discrimination and retaliation under the ADA.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, and 1343. This action is authorized and instituted pursuant to the ADA.

3.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b).

## PARTIES

4.     Plaintiff is a citizen of the United States, who resides in Will County, Illinois.

5.     Defendant is a corporate subsidiary of Cook-Illinois Corporation, which is located in Lynwood, Cook County, Illinois. Defendant operates a school bus company in the State of Illinois employing drivers to drive school busses in the State of Illinois.

6.     At all relevant times to this Complaint, Defendant has employed at least 15 employees, has been an "employer" as defined by the ADA and has continuously been an employer engaged in an industry affecting commerce under the ADA, 42 U.S.C.§§12111(5) and (7).

7.     At all relevant times, Defendant has been a covered entity under the ADA, 42 U.S.C. §12111(2).

## ADMINISTRATIVE PROCEDURES

8.     All conditions precedent to suit have occurred or have been complied with in that Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") on April 2, 2012 (Charge No. 440-2012-02665) alleging violations of the ADA by Defendant, i.e., alleging discrimination on the basis of disability.

9.     Subsequent to the filing of this charge, Defendant retaliated against Plaintiff by intimidating her. Plaintiff filed an amended charge with the EEOC on April 29, 2013 (Charge No. 440-2012-02665-Amended), alleging violations of the ADA by Defendant, i.e., alleging discrimination on the basis of disability and retaliation.

10.     On April 21, 2015, the EEOC issued a Letter of Determination indicating that the evidence obtained in the investigation by the EEOC establishes reasonable cause to believe that

Defendant discriminated against Plaintiff (and a class of employees of which Plaintiff was a member) by denying her a reasonable accommodation and/or discharging her in violation of the ADA. The Letter of Determination also determined that Defendant retaliated against Plaintiff for engaging in protected activity in that Plaintiff was subjected to intimidation, in violation of the ADA. The Letter of Determination invited both Plaintiff and Defendant to engage in conciliation to resolve this matter. (A copy of the Letter of Determination is attached hereto as **Exhibit A**).

11.     On September 6, 2018, the EEOC mailed to Plaintiff a Notice of a Right to Sue (Conciliation Failure) after the conciliation efforts failed, indicating that the EEOC found reasonable cause to believe that violations of the applicable statute(s) occurred with respect to some or all of the matters alleged in the charge (a copy of which is attached hereto as **Exhibit B**).

12.     This Complaint is filed within ninety (90) days of the receipt of the Notice of a Right to Sue (Conciliation Failure).

## STATEMENT OF CLAIMS

13.     Plaintiff was hired by Defendant on or about April 29, 2005. Plaintiff's employment was covered under a collective bargaining agreement ("CBA") with the International Brotherhood of Teamsters, AFL-CIO, Local No. 142 ("Union"). Plaintiff's position was that of Driver, driving only intrastate and driving only for school activities in the morning and afternoon.

14.     During her entire term of employment with Defendant, Plaintiff is and was permitted to drive a school bus only within the State of Illinois, i.e., intrastate, and therefore, was not, and is not required to have a Department of Transportation ("DOT") Medical card or Certificate under applicable law. During her entire term of employment with Defendant, Plaintiff has satisfied every legal requirement to drive a school bus intrastate, within the State of Illinois.

During her entire term of employment with Defendant, Plaintiff performed satisfactorily or better.

15.     When the Operations Manager, Kurt Marshall, first interviewed Plaintiff, Plaintiff informed him that she was a diabetic asking him if this is a problem. In an initial interview for the job, Plaintiff informed Defendant that she is an insulin dependent diabetic bus driver. Kurt Marshall asked if Plaintiff was taking shots or pills, to which Plaintiff replied shots. Kurt Marshall responded that this was "ok" as long as Plaintiff keeps it under control. Defendant hired Plaintiff knowing that Plaintiff was an insulin dependent diabetic driver.

16.     Plaintiff did everything required to apply for her school bus permit. Plaintiff trained at Defendant and passed all required testing. Plaintiff received her Commercial Driver's License ("CDL") and School Bus Permit on April 29, 2005. Plaintiff was told by the trainers that she could not cross state lines with the bus because of her diabetic condition. All of Plaintiff's routes and charters were in Illinois. Every year, Plaintiff passed the state required refresher course and annual physical with the required follow-up medical form by Plaintiff's own physician (who monitors Plaintiff's diabetes).

17.     Plaintiff went for her annual physical on February 21, 2012 to Ingalls in Flossmoor, Illinois. Plaintiff returned on February 29, 2012 and gave the follow-up medical form from her doctor to Mary. Mary left and later returned and told Plaintiff that Plaintiff had passed the physical and the doctor gave Plaintiff a one (1) year permit, and Plaintiff was told that the required papers would be sent to Defendant.

18.     Plaintiff's diabetic condition did not change since Plaintiff was hired. The applicable laws for school bus drivers did not change regarding Plaintiff's diabetic condition since Plaintiff was hired.

4

19.     Defendant started to discriminate against Plaintiff due to her diabetic condition seven (7) years after she was hired. After seven (7) years on the job as an insulin dependent bus driver, Defendant informed Plaintiff (and also informed Plaintiff's class of employees) that Defendant would no longer hire or retain any insulin dependent bus drivers. Specifically, Donville Burrows, the Safety Director at Defendant, told Plaintiff that the Cook-Illinois Corporation (of which Defendant is a subsidiary) no longer employs insulin dependent drivers. Donville Burrows specifically said "Faye, you are off the road," and that Donville Burrows would tell Thea, the dispatcher, to cover Plaintiff's routes.

20.     Camille from Ingalls later confirmed with Plaintiff that Plaintiff took insulin. Camille informed Plaintiff that Defendant no longer employed insulin dependent people. Plaintiff then called Defendant and Donville Burrows told Plaintiff that she was off the road.

21.     Plaintiff was terminated on or about March 2, 2012. Plaintiff was awarded unemployment insurance benefits from the State of Illinois as a result of her termination. At the time of her termination, Plaintiff's school bus permit was valid until April 29, 2012.

**COUNT I**
**VIOLATION OF THE ADA**

22.     Plaintiff repeats and re-alleges ¶¶ 1 through 21 as if fully set forth in this Count I.

23.     Under the ADA, it is unlawful to discharge or otherwise discriminate against an individual with respect to terms, conditions and privileges of employment because of such person's disability, including failing to make reasonable accommodation. 42 U.S.C. §12112.

24.     Plaintiff is a qualified individual with a disability under the ADA, 42 U.S.C. §§12102 and 12111(8). Plaintiff has an impairment that substantially limits major life activities. Defendant regarded Plaintiff as having a disability by subjecting her to an adverse employment

action, termination, because of an actual or perceived impairment.

25.     The unlawful employment practices complained of herein were intentional.

26.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

27.     EEOC Regulations provide, in relevant part, that an individual satisfies the definition of an individual with a disability where he/she is in fact, an individual with a disability; has a record of such impairment that substantially limits one or more major life activity(ies); or is perceived or regarded as having such an impairment by the employer. 29 C.F.R. §§1630.2.

28.     At all times relevant, Plaintiff was perceived or regarded by Defendant as an individual with a disability.

**COUNT II**
**RETALIATION IN VIOLATION OF THE ADA**

29.     Plaintiff repeats and re-alleges ¶¶ 1 through 28 as if fully set forth in this Count II.

30.     Plaintiff filed a grievance with her Union regarding her termination of employment. The Union's position was that Plaintiff met all requirements to continue employment with Defendant. Plaintiff has always satisfied all requirements for an Illinois certified school bus driver as required by the CBA or other Union contract.

31.     In October or November 2012, a meeting was held with Plaintiff, the Union representative, Chrysse Rice, Anthony Benish (one of the owners of Cook-Illinois Corporation, of which Defendant is a subsidiary) and Philip Paige (Plaintiff's supervisor) regarding her job situation (specifically, the issue of whether a DOT medical card was required to drive a school bus intrastate). This meeting occurred subsequent to April 2, 2012, the date that Plaintiff filed the

original charge with the EEOC. (See ¶ 8).

32.     Plaintiff was told by Anthony Benish and/or Philip Paige in this meeting that if she filed a charge with the EEOC, she would not be re-hired by Defendant. Defendant retaliated against Plaintiff after she filed the original EEOC charge of discrimination by trying to intimidate her into withdrawing the original EEOC charge. As a result of this retaliation, Plaintiff filed the amended charge with the EEOC alleging retaliation in addition to discrimination on the basis of disability. (See ¶ 9).

33.     Defendant subjected Plaintiff to retaliation by intimidating her for filing the EEOC charge, which is a protected activity under the ADA, by threatening her job reinstatement if she did not withdraw the EEOC charge. The effect of the practices complained of herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because she was regarded as having a disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and damages including the following:

A.  Trial by jury on the allegations in her Complaint;

B.  Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C.  Order Defendant to make Plaintiff whole by providing appropriate back wages, including lost benefits and value of benefits Plaintiff would have received from the date Plaintiff was terminated through the present, in an amount to be determined at trial, an equal sum as liquidated damages, compensatory damages for pecuniary and non-pecuniary losses and prejudgment interest, and other affirmative relief necessary to eradicate the effects of

its unlawful employment practices, including but not limited to, reinstatement with full benefits and seniority or pay Plaintiff front pay in lieu of reinstatement.

D. Order Defendant to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described herein, including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

E. Order Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct, as described herein, in amounts to be determined at trial.

F. Grant such further relief as this Court deems necessary and proper in the public interest.

**Faye Sasuta**

Plaintiff

Faye Sasuta,
Pro Se Litigant

Faye Sasuta
1618 Austin Street
Crete, IL 60417
T: 708-367-0015
sasutafaye@gmail.com

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office

500 West Madison Street, Suite 2000
Chicago, IL 60661
Office (312) 869-8000
FAX (312) 869-8220

EEOC Charge Number: 440-2012-02665 (Amended)

Faye J. Sasuta
1618 Austin
Crete, IL 60417

Charging Party

v.

Kickert School Bus Line, Inc.
20575 Torrence Ave.
Lynwood, IL 60411

Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under the Americans with Disabilities Act of 1990, as amended (ADA).

The Respondent is an employer within the meaning of the ADA and all requirements for coverage have been met.

Charging Party alleged Respondent discriminated against her based on her disability, when it discharged her and retaliated against her by intimidating her, in violation of the ADA.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against a class of employees, including Charging Party, by denying them a reasonable accommodation and/or discharging them, in violation of the ADA. I have also determined that Respondent retaliated against the Charging Party for engaging in protected activity, in that she was subjected to intimidation, in violation of the ADA.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to

EEOC Charge No. 440-2012-02665 (Amended)
Page 2 of 2

provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent not to engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent within 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

4/21/2015
Date

Julianne Bowman
Julianne Bowman
Acting District Director

# EXHIBIT B

EEOC Form 161-A (11/16)                    U.S. EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To:  Faye J. Sasuta                          From:  Chicago District Office
     1618 Austin                                    500 West Madison St
     Crete, IL 60417                                Suite 2000
                                                    Chicago, IL 60661

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2012-02665 | Gregory T. Mucha, Investigator | (312) 869-8135 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge.  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.  In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.  This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____                              9/6/18
Julianne Bowman,                                    *(Date Mailed)*
District Director

Enclosure(s)

CC:   KICKERT SCHOOL BUS LINE, INC.
      C/O David Christlieb, Esq.
      Littler Mendelson P.C.
      321 N. Clark Street, Suite 1000
      Chicago, IL 60654